### III

Randall E. Strauss, Strauss, Neibauer, Anderson & Ramirez, Modesto, California, for plaintiff-appellee.

Daniel P. Trump, Trump, Alioto, Trump & Prescott, San Francisco, California, for defendant-appellant.

**Sargon DADESHO, Plaintiff–Appellee,**

v.

**GOVERNMENT OF IRAQ, Defendant–Appellant.**

**No. 97–15434.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 1998.*

Decided March 24, 1998.

Before: SNEED, KOZINSKI and THOMPSON, Circuit Judges.

KOZINSKI, Circuit Judge.

Plaintiff sued in 1992 claiming Iraq had plotted to murder him. Although Iraq and its counsel were aware of the suit, they made

---

8 C.F.R. § 208.13(b)(1)(i) (emphasis added).

\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34–4.

no appearance, and the district court eventually entered a default. The court next ruled that plaintiff was not entitled to default judgment but it later reconsidered and granted judgment for plaintiff on one count of intentional infliction of emotional distress. Iraq filed a motion to set aside the judgment. Iraq's excuse is better than most: What with its United States assets frozen, diplomatic relations cut off and all, it was distracted and should be given a break. Nonetheless, the district court denied the motion in an order filed December 18, 1996. Iraq filed its notice of appeal two months later, on February 18, 1997.

Under Fed. R. App. P. 4(a), a notice of appeal in a civil case must be filed within thirty days after entry of judgment. Iraq missed this deadline. Since the Rule 4 filing deadline is mandatory and jurisdictional, the appeal must be dismissed if the notice of appeal was untimely. *See United States v. Eccles*, 850 F.2d 1357, 1363 (9th Cir.1988). Iraq, however, argues that the notice was timely because it was entitled to as much time as the United States government, which has sixty days to file an appeal under Fed. R. App. P. 4(a).[1]

Only the United States "or an officer or agency thereof" receives extra time under the Federal Rules of Appellate Procedure, and we are confident that the government of Iraq is not an agent of the United States. Iraq, however, points to the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602 et seq. We have looked in vain for anything in that Act which speaks to the time to appeal, and the appellant points us to no such provision. Not surprisingly, most of the Act is concerned with sovereign immunity—when a foreign government can and cannot be sued in a court of the United States. It says almost nothing about filing deadlines once a foreign government is sued.

Iraq claims the Act stands for the general proposition that "foreign sovereignties are entitled to similar procedural protections in United States courts as those provided to the United States government." However, there is no language in the Act with anything like this sweep. The one section Iraq points to is 28 U.S.C. § 1608(d), which gives a foreign state sixty days to file an answer to a complaint, in contrast to the twenty days given most civil defendants under Fed. R. Civ. P. 12(a). However, that is one very specific provision which does not address time to appeal, and does not extend the kind of blanket procedural protection which Iraq would like to claim. Quite the contrary, section 1608(d) suggests Congress did not believe such protections already exist by virtue of the other provisions of the Act.

We find no basis for extending to foreign governments all the procedural protections our laws accord our own government. We need not, and do not, treat other governments exactly as we treat our own.[2] Section 1608(d) shows that Congress knows how to provide specific safeguards when it wants to. It has not provided the protection Iraq seeks; its appeal is therefore untimely.

**DISMISSED.**

---

1. The appeal wasn't filed within sixty days either, but since the sixtieth day fell on a Saturday, followed by a Sunday and Presidents' Day, and the appeal was filed the next day, it would be timely if Iraq had sixty days to file. *See* Fed. R. App. P. 26(a).

2. For instance, it has been well over a century since we launched a military attack on our capital.